UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA ,

        Plaintiffs,

                                          Case No. 13-cr-20783
                                          Honorable Gershwin A. Drain

v.

GREGORY COOK,

        Defendant.
_____/

## ORDER REVOKING DEFENDANT'S SUPERVISED RELEASE AND SENTENCING DEFENDANT TO A TWELVE MONTH PRISON TERM

**I.    INTRODUCTION**

       This matter is before the Court pursuant to a Supervised Release Violation Report, filed on October 28, 2013. On December 11, 2013, Defendant appeared before the Court and admitted guilt to two supervised release violations: 1) Commission of a New Offense ("Violation One") and 2) Use of a Controlled Substance ("Violation Two"). The Court dismissed a third violation. Thereafter, the Court ordered the parties to submit memoranda concerning the classification of these violations.

**II.    FACTUAL BACKGROUND**

       In July of 2009, Defendant pleaded guilty to Count I of the Information, Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Defendant was sentenced to seventy-two (72) months imprisonment, followed by thirty-six (36) months of supervised release. Defendant's supervised release commenced on August 29, 2013 and was transferred to the Eastern

District of Michigan on October 29, 2013. On that same date, Defendant's Probation Officer, Ann R. Smith, filed a "Petition for Emergency Warrant Request" concerning Violations One and Two, and a third violation which this Court dismissed at the December 11, 2013 hearing.

The Violations stem from a September 9, 2013 urine analysis which resulted in a positive result for the presence of cocaine. Thereafter, on October 22, 2013, Defendant was a backseat passenger in a vehicle that was stopped for a broken tail light. During the stop, officers observed items in the vehicle that were consistent with heroin use. A bag of heroin was found in the vehicle and Defendant was found to have two packs of suspected heroin in his pocket. Based on the October 22, 2013 incident, Defendant was charged in state court and pled guilty to Use of Heroin, in violation of MICH. COMP. LAWS § 333.74042A. This offense is punishable as a one year misdemeanor. Defendant was ultimately sentenced to sixty (60) days in custody. Initially, the state of Michigan charged Defendant with Possession of a Controlled Substance Less than 25 Grams, MICH. COMP. LAWS § 333.7403(2)(a)(v), which is a felony punishable by imprisonment for not more than four years and a fine of not more than $25,000, or both.

### III.   LAW & ANALYSIS

Here, the parties dispute the applicable guideline range for purposes of sentencing Defendant for his violation of supervised release. Defendant maintains that both Violations One and Two are Schedule C violations, and with Defendant's Criminal History Category of V, fall within the guideline range of seven (7) to thirteen (13) months. Conversely, the Government argues that both Violations One and Two are Schedule B violations with a guideline range of eighteen (18) to twenty-four (24) months. While the Government argues that the Violations fall within the confines of Schedule B, the Government requests that the Court sentence Defendant to a total of twelve (12)

months imprisonment.

Chapter 7 of the United States Sentencing Guidelines addresses the treatment of supervised release violations. Section 7B1.4 determines the applicable range of imprisonment the district court may impose as a result of a defendant's violation of the conditions of supervised release. *See* U.S.S.G. § 7B1.4. The term of imprisonment authorized under U.S.S.G. § 7B1.4 varies according to the seriousness of the violation and the defendant's criminal history category. Grade B violations consist of "conduct constituting any other federal, state or local offense punishable by a term of imprisonment exceeding one year." U.S.S.G. § 7B1.1(a)(2). Grade C violations consist of "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision." U.S.S.G. § 7B1.1(a)(3). When making a grade determination, the Guidelines make clear that the determination should be based upon the defendant's "actual conduct" rather than to what the defendant has pled. *See* U.S.S.G. § 7B1.1, *comment*, n.1. Mandatory revocation of supervised release is required for possession of a controlled substance unless the district court determines that 18 U.S.C. § 3583(d) applies. 18 U.S.C. § 3583(d) requires the Court to consider the availability of substance abuse treatment programs in lieu of revocation. *See United States v. Zetko*, No. 3:01CR-59, 2005 U.S. Dist. LEXIS 7934 (W.D. Ky. Mar. 24, 2005) (citing *United States v. Crace*, 207 F.3d 833, 835-36 (6th Cir. 2000)) ("When a defendant violates the conditions of his supervised release by testing positive for illegal use of controlled substances, the Court is required by 18 U.S.C. § 3583(d) to consider the availability of substance abuse treatment programs in determining whether an exception should be granted from the mandatory revocation provisions of 18 U.S.C. §3583(g)").

Here, Defendant was initially charged with felony Possession of Controlled Substances Less than 25 Grams in violation of MICH. COMP. LAWS § 333.7403(2)(a)(v). A conviction under this

statutory provision is "punishable by imprisonment for not more than 4 years or a fine of not more than $25,000.00, or both." Therefore, even though Defendant pled to a misdemeanor, the conduct Defendant has admitted to and which forms the basis of Violation One falls within the purview of the Sentencing Guidelines' definition of a Grade B Violation.

As to Violation Two, Defendant has admitted to the use of cocaine in violation of supervised release. The United States Court of Appeals for the Sixth Circuit has held that "use" of a controlled substance constitutes "possession." *United States v. Hancox*, 49 F.3d 223, 224 (6th Cir. 2000); *United States v. Metcalf*, 292 F. App'x 447, 449 n. 2 (6th Cir. 2008). Moreover, under Michigan law, possession of a schedule one or two controlled substance is a felony punishable up to four years. MICH. COMP. LAWS § 333.7403(2)(a)(v). As such, it follows that Violation Two is at Grade B under Chapter 7 of the Sentencing Guidelines. *See United States v. Crace*, 207 F.3d 833, 836 (6thCir. 2000) (concluding that the defendant's positive drug test for cocaine constituted possession, a Grade B violation).

The Court declines Defendant's invitation to ignore the *Hancox* decision based on the 2002 amendments to 18 U.S.C. § 3583(g). Additionally, Defendant's reliance on *United States v. Harper*, 54 F. App'x 803 (6th Cir. 2002) is misplaced as the facts in *Harper* are distinguishable from the facts present herein. In *Harper*, the defendant only admitted to "simple possession of personal use quantities carrying less than a one-year term of imprisonment . . . ." *Harper*, 54 F. App'x at 806. In the instant case, Defendant has admitted to conduct that falls within the purview of MICH. COMP. LAWS § 333.7403(2)(a)(v), a crime punishable by more than one year in prison. As the guidelines make clear, the determination of the applicable guideline range for a violation of the terms of supervised release must be based on the conduct underlying the violation, rather than the conduct to which the Defendant has pled. *See* U.S.S.G. § 7B1.1, *comment*, n.1.

Accordingly, based on the foregoing, Violations One and Two are Schedule B Violations carrying a guideline range of eighteen (18) to twenty-four (24) months. However, since the Government recommends a twelve month term of imprisonment, the Court orders a twelve month term of imprisonment for Violations One and Two.

## IV. CONCLUSION

For the foregoing reasons, Court REVOKES Defendant's supervised release and sentences him to a twelve (12) month term of imprisonment.

SO ORDERED.

Dated: December 19, 2013                      /s/Gershwin A Drain
                                              GERSHWIN A. DRAIN
                                              United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 23, 2013, by electronic and/or ordinary mail.

/s/ Tanya Bankston
Deputy Clerk